IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN T. ROMERO and JANETH M. ROMERO,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. BANK, N.A., et al.,<br><br>  Defendants. | Case No. 16-cv-02286-MMC<br><br>**ORDER GRANTING DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS; GRANTING OLD REPUBLIC'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 11, 21 |

Before the Court are two motions: (1) defendant U.S. Bank National Association's ("U.S. Bank") "Motion to Dismiss Complaint for Failure to State a Claim," filed May 4, 2016; and (2) defendant Old Republic Default Management Services' ("Old Republic") "Motion to Dismiss Complaint," filed June 13, 2016. Plaintiff Janeth M. Romero has filed opposition to each motion, to which each defendant has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

**BACKGROUND**

In 2004, plaintiff and Efren T. Romero purchased a residence on Call Avenue in Hayward, California. (See Compl. at 2:6-8; U.S. Bank's Req. for Judicial Notice. Ex. A.)[3] Plaintiff alleges that, to finance the purchase, she and Efren T. Romero "executed a

---

[1] As discussed below, Efrem T. Romero died in 2009. All references herein to "plaintiff" are to Janeth M. Romero.

[2] By order filed June 7, 2016, the Court took U.S. Bank's motion under submission. By order filed July 18, 2016, the Court took Old Republic's motion under submission.

[3] U.S. Bank's request, unopposed by plaintiff, that the Court take judicial notice of the Grant Deed recorded on December 23, 2004, is hereby GRANTED.

1    promissory note and Deed of Trust" that names Downey Savings & Loan Association,
2    F.A. ("Downey") as "Lender."  (See Compl. ¶ 8.)  Plaintiff alleges that, at some later point,
3    Downey "failed" and became an "incapacitated entity" (see Compl. ¶¶ 75, 102), and that
4    the "FDIC" then became the "receiver for Downey" (see Compl. ¶¶ 101-02).  Plaintiff
5    further alleges that, on November 21, 2008, the FDIC entered into a "Purchase &
6    Assumption Agreement" with U.S. Bank.  (See Compl. ¶ 101.)

On May 17, 2011, U.S. Bank recorded in Alameda County, California, a "Blanket Assignment of Deed of Trust," in which the "Assignor," identified therein as "Federal Deposit Insurance Corporation as Receiver of Downey Savings and Loan Association, F.A. by U.S. Bank National Association Under Limited Power of Attorney Dated September 29, 2010 Recorded September 29, 2010 in Dallas County, Texas in Document Number 201000250121," states it assigned to U.S. Bank its interest in the Deed of Trust, and that such assignment is effective as of November 21, 2008.  (See Compl. Ex. 2.)  On July 2, 2014, Old Republic recorded in Alameda County a "Substitution of Trustee," in which U.S. Bank states it has substituted Old Republic in place of the prior trustee.  (See Compl. Ex. 3.)  Also, on July 2, 2014, Old Republic recorded in Alameda County a "Notice of Default and Election to Sell Under Deed of Trust," in which Old Republic states that, as of July 9, 2014, the amount "past due" is $34,737.82.  (See Compl. Ex. 4.)[4]

Plaintiff alleges the assignment of the Deed of Trust to U.S. Bank is "void" for the asserted reason that the "loan contract was not received by FDIC as Receiver for Downey . . . prior to the recorded blanket assignment."  (See Compl. ¶¶ 34, 36.)  Additionally, plaintiff alleges, the assignment contains "false representations" (see Compl. ¶ 71), and U.S. Bank "filed" the assignment knowing it to be "false" (see Compl. ¶ 45).

---

[4]In the complaint, plaintiff alleges that a foreclosure sale has not occurred (see Compl. ¶ 163 (alleging property remains "subject to imminent trustee sale")), and the parties, in their respective filings submitted in connection with the instant motions, state that no such sale has occurred (see U.S. Bank's Mot. at 9:1; Pl.'s Opp. to U.S. Bank's Mot. at 11:18; Old Republic's Mot. at 10:15-16).

Based on the above-referenced allegations, plaintiff asserts five causes of action, titled, respectively, "Intentional Misrepresentation," "Intentional Interference With Contractual Relations," "Violation of California Homeowner Bill of Rights," "Unfair Business Practices," and "Wrongful Foreclosure."

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

Defendants contend the complaint is subject to dismissal in its entirety.

//

### A. Causes of Action Asserted on Behalf of Efren T. Romero

In addition to Janeth M. Romero, the complaint assertedly is brought on behalf of Efren T. Romero, as his name appears in the caption, as well as in the body of the complaint (see Compl. at 1:25), and the complaint purportedly is signed by him (see Compl. at 32). As U.S. Bank has demonstrated, however, Efren T. Romero died in 2009. (See U.S. Bank's Req. for Judicial Notice Ex. B.)[5] U.S. Bank argues that the claims brought on behalf of such decedent are subject to dismissal for the reason that, as U.S. Bank interprets the complaint, the conduct on which the claims are based occurred after his death.[6]

In her opposition to each motion, plaintiff states the inclusion of Efren T. Romero in the complaint was an error, and has filed a "Notice of Errata" to indicate that Efren T. Romero is not a plaintiff. Under such circumstances, the Court, without further addressing the date on which the claims accrued, will dismiss the complaint without leave to amend to the extent it is brought on behalf of Efren T. Romero.

The Court next considers in turn each cause of action alleged on behalf of Janeth M. Romero.

### B. Causes of Action on Behalf of Janeth M. Romero

#### 1. First Cause of Action: "Intentional Misrepresentation"

In the First Cause of Action, plaintiff alleges "the assignment of deed of trust instrument" contains "false representations" (see Compl. ¶ 71), and that there is "false and omitted information contained within recorded instruments" (see id.).[7] U.S. Bank

---

[5] U.S. Bank's unopposed request that the Court take judicial notice of the Certificate of Death is hereby GRANTED.

[6] Although Old Republic notes that Efren T. Romero is deceased, it does not make any argument specific to him.

[7] Although the complaint does not expressly identify the allegedly false statements in the assignment, it appears plaintiff is asserting as false the implicit statement by the receiver that it held an interest in the deed of trust that it could transfer to U.S. Bank. (See Compl. ¶¶ 24-25.) To the extent the complaint alleges false statements are included in other recorded documents, the complaint fails to identify with any specificity any such statement.

4

argues the claim does not comply with Rule 9(b) of the Federal Rules of Civil Procedure for the reason that the complaint "does not identify which defendant made the supposed misrepresentation" or "the actual names of those responsible for the fraud." (See U.S. Bank's Mot. at 5:6, 10-11.) Old Republic similarly argues that plaintiff "has fallen short of alleging the actual names of the parties allegedly responsible for the fraudulent acts." (See Old Republic's Mot. at 6:3-4.)

The assignment is signed by Karen A. Canon ("Canon"), who is identified therein as the Associate General Counsel for the receiver (see Compl. Ex. B), and who is alleged by plaintiff to be the "agent" of U.S. Bank (see Compl. ¶ 31). Where, as here, a plaintiff seeks to hold a defendant liable for allegedly false statements made by an "agent," the plaintiff must allege with "specificity" the "factual basis" for the alleged agency relationship. See Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007). Plaintiff fails, however, to allege any facts to support her conclusory allegation that Canon was the "agent" of U.S. Bank. Additionally, plaintiff fails to include even a conclusory allegation that Canon is an agent or otherwise had authority to speak on behalf of Old Republic, let alone allege any facts to support a finding of agency. Further, to the extent the claim is based on false statements contained in other recorded documents, the claim fails, as plaintiff, having failed to identify the other documents or the statements at issue, necessarily fails to identify the speaker(s).

Accordingly, the First Cause of Action is subject to dismissal for failure to comply with Rule 9(b).[8]

As set forth below, the Court will afford plaintiff leave to amend. Should plaintiff choose to file an amended complaint and reassert a claim alleging intentional

---

[8]In its motion, Old Republic also argues it is entitled to immunity as to the First Cause of Action. See Kachlon v. Markowitz, 168 Cal. App. 316, 333, 343 (2008) (holding, under California law, trustee is "immune" from suit based on "mailing, publication, and delivery of notices in nonjudicial foreclosure[s]" in absence of showing trustee "acted with malice"). Given the complaint's lack of clarity as to the factual basis of the fraud claim against Old Republic, consideration of Old Republic's asserted entitlement to immunity thereon would be premature.

misrepresentation, plaintiff shall identify, with specificity, each statement she asserts to be false and the time at which any such statement was made, allege sufficient facts to support a finding that each defendant can be held liable for each challenged statement, and allege facts to support a finding that each challenged statement was false or misleading at the time it was made. See Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation and citation omitted); Fecht v. Price Co., 70 F.3d 1078, 1083 (9th Cir. 1995) (holding, to comply with Rule 9(b), complaint must contain "sufficient evidentiary facts"), cert. denied, 517 U.S. 1136 (1996).

### 2. Second Cause of Action: "Intentional Interference With Contractual Relations"

In the Second Cause of Action, plaintiff alleges that U.S. Bank, by accepting a "false assignment" from the receiver, and Old Republic, by "record[ing] false instruments," interfered with her "contractual right to make payments to the bona fide party entitled to the payment."  (See Compl. ¶¶ 105-06.)  Both defendants argue the claim is subject to dismissal for failure to allege the existence of a "valid contract between plaintiff and a third party," see Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990) (setting forth elements of claim for intentional interference with contractual relations), and Old Republic additionally argues it is entitled to immunity.  The Court agrees.

In her complaint, plaintiff alleges defendants have interfered with a contractual relationship set forth in a "quasi-contract" between herself and an "unknown principal who funded the subject loan."  (See Compl. ¶ 91.)  Plaintiff identifies said "quasi-contract" by citing to "Exhibit 1," which is the Deed of Trust she signed in 2004.  (See id.)  As plaintiff alleges that, after the Deed of Trust was executed, Downey "failed" and the FDIC then became the receiver of Downey (see Compl. ¶¶ 101-02), and that the receiver thereafter assigned the interest it held in the Deed of Trust to U.S. Bank (see Compl. ¶ 32, Ex. 2),

6

1  plaintiff's claim appears to be based on a theory that Downey obtained no interest under
2  the Deed of Trust she signed in 2004, and, consequently, the receiver and, later, U.S.
3  Bank, obtained no interest thereunder.  (See, e.g., Compl. ¶ 34 (alleging "plaintiff's Loan
4  Contract was not received by FDIC as Receiver for Downey").)  Plaintiff fails, however, to
5  allege sufficient facts to support a finding that Downey never obtained an interest in the
6  Deed of Trust executed in 2004.  Indeed, any such claim would appear to be meritless in
7  light of the Deed of Trust's identification of Downey as "Lender" (see Compl. Ex. 1 at 1)
8  and its express provision that upon plaintiff's failure to perform, said "Lender" may
9  "elect[ ] to cause the Property to be sold" (see Compl. Ex. 1 at 13).  See Gomes v.
10 Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1157 (2011) (holding, where
11 plaintiff executed deed of trust in which plaintiff acknowledged defendant had "authority
12 to initiate a foreclosure," plaintiff's claim that defendant lacked authority to initiate
13 foreclosure was subject to dismissal at pleading stage).[9]

   Moreover, as the claim against Old Republic is based on its having recorded the
15 substitution of trustee and the notice of default (see Compl. ¶ 97) and as plaintiff has
16 failed to allege facts to support a finding that Old Republic acted with malice, Old
17 Republic is entitled to immunity.  See Kachlon, 168 Cal. App. 4th at 344 (holding trustee
18 entitled to immunity, where claim based on trustee's having recorded notice of default
19 and no showing trustee had acted with malice in doing so).

   Accordingly, the Second Cause of Action is subject to dismissal.

   Should plaintiff choose to file an amended complaint and reassert a claim alleging
22 intentional interference with a contractual relationship, plaintiff shall allege sufficient facts
23 to support a finding that she has a valid contract with a third party, that each defendant
24 was aware of said contract, that each defendant intended to induce a breach or

---

[9]Plaintiff alleges that, in 2004, an entity other than Downey "wired" the funds she had borrowed "into the escrow." (See Compl. ¶ 9.)  Plaintiff fails, however, to explain the legal significance of such event.  Whether Downey itself "wired" the funds or engaged a third party to do so, plaintiff does not deny the seller received the funds she borrowed, which funds she agreed in the Deed of Trust to repay to Downey.

7

disruption of said contractual relationship, that a breach or disruption of said contractual relationship did occur, and that plaintiff incurred damages as a result.  See Pacific Gas & Electric Co., 50 Cal. 3d at 1126 (setting forth elements of claim).  Additionally, plaintiff shall allege facts to support a finding that Old Republic, when it recorded the substitution of trustee and the notice of default, acted with "malice."  See Kachlon, 168 Cal. App. 316 at 333, 343.

### 3. Third Cause of Action: "Violation of California Homeowner Bill of Rights California Civil Code § 2924.17"

In the Third Cause of Action, plaintiff alleges defendants have violated § 2924.17 of the California Civil Code, which provides that a "notice of default . . . or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure . . . shall be accurate and complete and supported by competent and reliable evidence," see Cal. Civil Code § 2924.17(a), and that a mortgage servicer, prior to recording a notice of default or substitution of trustee in connection with a foreclosure, "shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information," see Cal. Civil Code § 2924.17(b).

Although not clearly expressed in the complaint, plaintiff's theory appears to be the same as that underlying the Second Cause of Action, specifically, that Downey never obtained an interest in the Deed of Trust, and, consequently, the receiver and, later, U.S. Bank, did not obtain an interest in the Deed of Trust.  (See, e.g., Compl. ¶ 128 (alleging "[d]efendant" lacked "competent and reliable evidence . . . that all assignments of the deed of trust were executed by valid parties").)  For the reasons stated above with respect to the Second Cause of Action, however, plaintiff has failed to allege sufficient facts to support a finding that Downey had no interest under the Deed of Trust. Additionally, with respect to Old Republic, the claim is subject to dismissal for failure to allege sufficient facts to support a finding that Old Republic acted with malice when it recorded the substitution of trustee and the notice of default.  See Kachlon, 168 Cal. App.

316 at 333, 343.

Accordingly, the Third Cause of Action is subject to dismissal.

Should plaintiff choose to file an amended complaint and reassert a claim that defendants violated § 2924.17, plaintiff shall allege sufficient facts to cure each deficiency identified above.

### 4.     Fourth Cause of Action: "Unfair Business Practices Cal. B&P Code §17200

In the Fourth Cause of Action, plaintiff alleges a violation of § 17200 of the California Business and Professions Code, which prohibits "any unlawful, unfair or fraudulent business act or practice." See Cal. Bus. & Prof. Code § 17200.  Plaintiff bases the claim on the "allegations set forth in Counts I, II, III." (See Compl. ¶ 145.)  As the Fourth Cause of Action is derivative of the First, Second, and Third Causes of Action, each of which is subject to dismissal, the Fourth Cause of Action likewise is subject to dismissal.

### 5.     Fifth Cause of Action: "Wrongful Foreclosure"

In the Fifth Cause of Action, plaintiff alleges that defendants seek to foreclose on her property "by using or relying upon known forgeries in recorded instruments and without contractual or lawful authority."  (See Compl. ¶ 160.)

"[T]he elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011).

Plaintiff cannot establish the first element, as defendants have not sold her property.  See Gomes, 192 Cal. App. 4th at 1152, 1155 (dismissing claim for "wrongful foreclosure" filed prior to foreclosure; holding such claim "would fundamentally undermine

9

the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures").

Accordingly, the Fifth Cause of Action is subject to dismissal.

Should plaintiff choose to file an amended complaint, plaintiff may only reassert a claim for wrongful foreclosure in the event plaintiff's property has, in the interim, been sold by defendants.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, and the complaint is hereby DISMISSED.

Should plaintiff wish to file an amended complaint for purposes of curing the deficiencies identified above, plaintiff shall file, no later than August 12, 2016, a First Amended Complaint.[10]  Plaintiff may not, however, add any new causes of action or add any new defendant without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: July 20, 2016

MAXINE M. CHESNEY
United States District Judge

---

[10] In any such amended pleading, Janeth M. Romero shall be named as the sole plaintiff.

10