IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN T. ROMERO and JANETH M. ROMERO,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-02286-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING ACTION**<br><br>Re: Dkt. Nos. 41, 43 |

　　　　Before the Court are two motions:  (1) defendant Old Republic National Title Insurance Company's ("Old Republic") "Motion to Dismiss the First Amended Complaint," filed August 25, 2016; and (2) defendant U.S. Bank National Association's ("U.S. Bank") "Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim," filed August 25, 2016.  Plaintiff Janeth M. Romero ("Romero") has filed opposition to each motion,[1] to which Old Republic and U.S. Bank have filed separate replies.  Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

　　　　The operative complaint, the First Amended Complaint ("FAC"), consists of five causes of action.  By order filed July 20, 2016, the Court dismissed in its entirety Romero's initial complaint; in so doing, the Court identified specific deficiencies as to each of the five causes of action, and afforded Romero leave to amend for purposes of

---

[1] The two oppositions, other than the titles, are, in all respects, identical.

[2] By order filed September 26, 2016, the Court took the matters under submission.

curing those deficiencies. By the instant motions, defendants argue Romero has failed to cure the deficiencies previously identified by the Court.

Prior to addressing the viability of each of the five causes of action alleged on behalf of Romero, the Court first notes that, in its order of July 20, 2016, the Court dismissed without leave to amend the claims asserted in the initial complaint on behalf of Efren T. Romero, who is deceased. The FAC continues, however, to name Efren T. Romero as a plaintiff and purports to seek relief on his belief. (See, e.g., FAC at 31:5.) In her opposition to each motion, Romero states her deceased husband's name was included in error. Consequently, the Court deems the references to Efren T. Romero as a party to the instant action to have been withdrawn by Romero.

The Court next considers in turn the five causes of action asserted in the FAC.

**A. First Cause of Action: "Intentional Misrepresentation"**

In its prior order, the Court dismissed with leave to amend Romero's claim alleging intentional misrepresentation. Specifically, the Court found Romero failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure by, inter alia, failing to allege "sufficient evidentiary facts" to support a finding that "each challenged statement was false or misleading at the time it was made." (See Order, filed July 20, 2016, at 5:20 - 6:10.)

In the FAC, Romero alleges the subject false statements are contained in a document titled "Blanket Assignment of Deed of Trust" ("Assignment"), which is attached as an exhibit to the FAC. (See FAC ¶ 75, Ex. 2.) Romero acknowledges the Assignment states the Federal Deposit Insurance Company ("FDIC"), in its capacity as receiver for Downey Savings and Loan Association, F.A. ("Downey"), transferred to U.S. Bank its interest in a Deed of Trust securing the $749,250 loan obtained by Romero in 2004; Romero contends, however, said statement is false, for the asserted reason that the FDIC never received an interest in the Deed of Trust from Downey.[3] (See FAC ¶¶ 8, 26,

---

[3]Romero alleges that, at some point after the Deed of Trust was executed in 2004, Downey "failed" and became an "incapacitated entity" (see FAC ¶¶ 79, 105), and that the FDIC later became the "receiver for Downey" (see FAC ¶¶ 28, 37, 104).

2

1  37.) Similarly, according to Romero, although the Assignment states that U.S. Bank
2  provided "value" to the FDIC in exchange for the Deed of Trust (see FAC Ex. 2 at 2), said
3  statement is false for the asserted reason that "[the] FDIC was precluded from receiving
4  any value because [Romero's] loan contract was not received by [the] FDIC as [r]eceiver
5  for Downey." (See FAC ¶¶ 33-34, 37.)

6  To support her allegation that the above-identified statements are false, Romero
7  alleges that Downey had no interest to convey to the FDIC, as Downey "did not use [its]
8  own funds at closing of escrow[ ]." (See FAC ¶¶ 9, 21.) Rather, according to Romero,
9  Downey issued a "wiring instruction" directing a "differently named [c]ompany," the name
10  of which is unknown to Romero, to wire the necessary funds "into the escrow." (See FAC
11  ¶¶ 9-10.) Romero further alleges that, as a consequence, "there is no calculable default,
12  financial or otherwise, between [Romero] and [U.S. Bank]" (see FAC ¶ 41), and U.S.
13  Bank thus wrongfully issued, through Old Republic, a "Notice of Default" advising
14  Romero that her real property was subject to foreclosure for failure to pay the sum of
15  $34,737.82 to the "beneficiary" (see FAC ¶ 48, Ex. 4).

16  As the Court explained in its prior order, Romero, in the initial complaint and in her
17  oppositions to the motions to dismiss said pleading, failed to explain the legal significance
18  of any decision by Downey to contract with a third party to advance the funds necessary
19  to close escrow, rather than using funds it had not borrowed. In the FAC, as well as in
20  the oppositions to the instant motions, Romero, again, fails to cite any authority to
21  support a finding that a lender, in order to close an escrow, is prohibited from using funds
22  that have been borrowed from a third party.

23  Moreover, as the Court also explained in its prior order, Romero signed the Deed
24  of Trust identifying Downey as the "lender" and giving the "lender" the right to foreclose
25  upon the subject property in the event she breached her obligations thereunder (see FAC
26  Ex. 1 at 1, 13), and, consequently, she may not, under California law, challenge the
27  ability of Downey, or its successors or assigns, to foreclose upon the property in the
28  event of her default. See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th

1  1149, 1157 (2011) (holding, where plaintiff executed deed of trust in which plaintiff
2  acknowledged defendant "as nominee for [l]ender and [l]ender's successors and assigns"
3  had "authority to initiate a foreclosure," plaintiff's claim that defendant lacked authority to
4  initiate foreclosure was subject to dismissal at pleading stage).  In the FAC, Romero fails
5  to add any factual allegations that could support a finding that Downey did not obtain an
6  interest in the Deed of Trust.
7       Additionally, as to Old Republic, Romero has failed to allege any facts to support a
8  finding that said defendant can be held responsible for a false statement in the
9  Assignment, which deficiency also was identified in the Court's prior order.  (See Order,
10  filed July 20, 2016, at 6:2-3.)
11       Accordingly, as Romero has failed to cure the deficiencies identified in the Court's
12  prior order, the First Cause of Action is subject to dismissal without further leave to
13  amend.
14  **B.  Second Cause of Action:  "Intentional Interference With Contractual Relations"**
15       In its prior order, the Court dismissed with leave to amend Romero's claim that
16  U.S. Bank, by asserting it has obtained an interest in the Deed of Trust from Downey's
17  receiver, and Old Republic, by issuing the Notice of Default in its capacity as trustee,
18  intentionally interfered with Romero's contractual relations with a third party; in particular,
19  the Court found Romero had failed to include any allegations to support a finding that
20  Downey had not in fact obtained an interest in the Deed of Trust.  (See Order, filed July
21  20, 2016, at 6:21 - 7:6.)  Additionally, as to Old Republic, the Court dismissed the claim
22  for the further reason that said defendant was entitled to qualified immunity, as Romero
23  failed to plead any facts to support a finding that Old Republic issued the Notice of
24  Default with "malice."  (See id. at 7:14-19.)
25       In the FAC, Romero alleges, as she did in the initial complaint, that the contract at
26  issue is a "quasi-contract" between herself and the entity that "funded the subject loan" at
27  Downey's alleged request (see FAC ¶¶ 21, 94), and she identifies the "quasi-contract" as
28  "Exhibit 1" to the FAC (see FAC ¶ 94), which exhibit is the Deed of Trust (see FAC Ex. 1).

4

1  As explained above, and in the Court's prior order, however, Romero, in the Deed of
2  Trust, acknowledged Downey as the "lender" and gave it the power to foreclose, and,
3  consequently, cannot at this time claim Downey never obtained an interest in the Deed of
4  Trust or that its successors and assigns could not obtain an interest.  See Gomes, 192
5  Cal. App. 4th at 1157.  Further, as to Old Republic, although Romero alleges said
6  defendant "acted with malice and/or oppression" (see FAC ¶ 4), she fails to support such
7  conclusory assertion with any facts.  See Kachlon v. Markowitz, 168 Cal. App. 316, 333,
8  343 (2008) (holding, in absence of showing trustee "acted with malice," trustee is
9  "immune" from suit based on "mailing, publication, and delivery of notices in nonjudicial
10 foreclosure[s]"); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding complaint subject
11 to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions";
12 further holding "the tenet that a court must accept as true all of the allegations contained
13 in a complaint is inapplicable to legal conclusions").

Accordingly, as Romero has failed to cure the deficiencies identified in the Court's prior order, the Second Cause of Action is subject to dismissal without further leave to amend.

**C.  Third Cause of Action: "Violation of California Homeowner Bill of Rights California Civil Code § 2924.17"**

In its prior order, the Court dismissed with leave to amend Romero's claim that defendants violated § 2924.17 of the California Civil Code by issuing the Notice of Default without having evidence of U.S. Bank's right to foreclose.  As the basis of the claim pleaded in the initial complaint appeared to be that Downey never obtained an interest in the Deed of Trust, the Court dismissed the claim for failure to allege facts to support a finding that Downey obtained no such interest.  Additionally, as to Old Republic, the Court dismissed the claim for failure to allege facts to support a finding that it acted with malice in issuing the Notice of Default.

The basis of the claim pleaded in the FAC appears unchanged, and, as set forth above, Romero fails to allege in the FAC any facts to support a finding that Downey did

1 not obtain an interest in the Deed of Trust or that Old Republic acted with malice in
2 issuing the Notice of Default.
3 　　　Accordingly, as Romero has failed to cure the deficiencies identified in the Court's
4 prior order, the Third Cause of Action is subject to dismissal without further leave to
5 amend.

### D. Fourth Cause of Action: "Unfair Business Practices Cal. B&P Code § 17200"

　　　In its prior order, the Court dismissed with leave to amend Romero's claim that defendants violated § 17200 of the California Business & Professions Code, for the reason that said claim was, as pleaded, derivative of the First through Third Causes of Action.

　　　In the FAC, Romero continues to base her § 17200 claim on the First, Second and Third Causes of Action. (See FAC ¶¶ 146, 148.) As set forth above, the First, Second and Third Causes of Action are subject to dismissal without further leave to amend.

　　　Accordingly, as Romero has failed to cure the deficiencies identified in the Court's prior order, the Fourth Cause of Action is subject to dismissal without further leave to amend.

### E. Fifth Cause of Action: "Wrongful Foreclosure"

　　　In its prior order, the Court dismissed Romero's claim of wrongful foreclosure, for the reason that no such cause of action can be brought unless "the trustee or mortgagee caused [a] . . . sale of real property" (see Order, filed July 20, 2016, at 9:18-20 (internal quotation and citation omitted)), and there was no allegation that defendants had sold the subject property. The Court afforded Romero leave to reassert such claim in her FAC only if the property had been sold in the interim.

　　　In the FAC, Romero fails to allege the property has been sold, and, indeed, concedes in her oppositions to the motions that the property has not been sold. (See Pl.'s Opps., filed September 8, 2016, at 14:21.)

　　　Accordingly, as Romero has conceded she cannot cure the deficiency identified in the Court's prior order, the Fifth Cause of Action is subject to dismissal without further

leave to amend, and without prejudice to its being reasserted in another action in the event of a foreclosure and sale of the real property at issue.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, and the above-titled action is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: October 7, 2016

MAXINE M. CHESNEY
United States District Judge